IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BILLY RAY BURGE, JR.,                                                                                       PLAINTIFF
# 2762

v.                                           3:25CV00185-LPR-JTK

DOE, et al.                                                                                                DEFENDANTS

**ORDER**

Billy Ray Burge, Jr. ("Plaintiff") is an inmate at the Independence County, Arkansas, Detention Center (the "Detention Center"). He filed this pro se action alleging deliberate indifference to his serious medical needs and unlawful conditions of confinement, among other claims. (Doc. Nos. 1, 4, 6, 15). Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"). (Doc. No. 16).

Plaintiff's IFP Motion includes the appropriate financial information and makes the showing required by statute. Accordingly, Plaintiff's Motion will be granted.[1]

---

[1] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states, in part: "If any communication from the Court to a pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.

In addition, if Plaintiff has not completely exhausted his administrative remedies with respect to all his claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, he may file a motion to dismiss his unexhausted claims.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350 for this action.[2] Plaintiff submitted a certified copy of Plaintiff's Inmate Trust Fund Account Statement.  Based on that information, an initial partial filing fee of $7.50 is assessed by this Order.  If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, Plaintiff's custodian or his/her designee shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00.  Regardless of the balance in the account, Plaintiff's custodian or his/her designee shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Thereafter, Plaintiff will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Plaintiff's prison trust account each time the amount in the account exceeds $10.00.  Plaintiff's custodian or any future custodian is required to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from the Plaintiff's prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's IFP Motion (Doc. No. 16) is GRANTED.

2. Plaintiff's custodian or his designee is directed to collect from Plaintiff's prison trust account an initial partial filing fee in the amount of $7.50 and to forward the amount to the Clerk of the Court.   Said payment must be clearly identified by the name and number assigned to this action.

---

[2] Effective December 1, 2023, the statutory filing fee for civil actions increased to $405, due to the implementation of a $55 administrative fee. This $55 fee does not, however, apply to in forma pauperis actions.

2

3. Thereafter, Plaintiff's custodian or his designee, or any future custodian, is directed to collect from Plaintiff's prison trust account the remaining balance of the $350 filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The payments must be clearly identified by the name and number assigned to this action.

4. The Clerk is directed to forward a copy of this Order to the Administrator of the Independence County Detention Center, 569 West Main Street, Batesville, Arkansas 72501.

Dated this 3rd day of November, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE